JOSEPH B. HARRIS, Appellant, *v.* ROBERT R. HELLYER, Respondent.

First Department, October 31, 1924.

**Removal of causes — City Court of City of New York has jurisdiction of subject-matter and of parties — cause will not be removed to Supreme Court for purpose of changing place of trial on ground of non-residence of parties.**

An action brought in the City Court of the City of New York will not be removed to the Supreme Court for the purpose of changing the place of trial on the ground of the non-residence of the parties, where it appears that the City Court has jurisdiction of the subject-matter of the action and has acquired jurisdiction of the parties.

APPEAL by the plaintiff, Joseph B. Harris, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 13th day of June, 1924, granting the defendant's motion to transfer the case from the City Court of the City of New York to the Supreme Court, county of Kings.

*Abraham H. Sarasohn*, for the appellant.

*Alfred W. Meldon*, for the respondent.

PER CURIAM:

The ground upon which the order under review was applied for is that neither of the parties hereto resides within the territorial jurisdiction of the City Court of the City of New York, the defendant residing in Kings county, and plaintiff is alleged to reside in Bayonne, N. J.

The City Court of the City of New York having jurisdiction of the subject-matter of this action, and having acquired juris-

diction of the parties hereto, the mere non-residence of the parties in the territorial jurisdiction of that court is not a sufficient ground to warrant the removal of this case to the Supreme Court. (*Granger* v. *Sheble,* 34 Hun, 241. See, also, N. Y. City Ct. Act [Laws of 1920, chap. 935], §§ 18, 19, 22.)

To justify removal from an inferior court having jurisdiction to the Supreme Court for the purpose of changing the place of trial, the motion must be founded on the other grounds specified as reasons for changing the place of trial in the Civil Practice Act. (See Civ. Prac. Act, § 187.)

The order should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

Present — CLARKE, P. J., DOWLING, SMITH, MERRELL and McAVOY, JJ.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.